430 July 8, 2026 No. 657

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ORACIO RODRIGUEZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR44452; A185270

Andrew M. Lavin, Judge.

Submitted June 18, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment revoking his probation. In a single assignment of error, defendant contends that the trial court abused its discretion in revoking probation because defendant's conduct did not undermine the purposes of probation. Reviewing for abuse of discretion, *State v. Kelemen*, 296 Or App 184, 191-92, 437 P3d 1225 (2019), we affirm.

Defendant does not dispute that he violated his probation by failing to complete drug and alcohol treatment and attend a victim impact panel; rather, he argues that he was initially unwilling to engage in treatment because of his income, health, and lack of housing, and that he has abstained from alcohol during the time he was on probation. In those circumstances, defendant contends that the trial court could have imposed a short jail sanction without revoking probation. The state responds that, because defendant admitted to the violation and expressly refused to complete treatment, the trial court acted within its discretion.

We agree with the state on this record; defendant violated his probation, and the trial court acted within its discretion in revoking it. *See* OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."); *Kelemen*, 296 at 191 ("[T]he plain terms of [OAR 213-010-0001] make a trial court's exercise of its revocation authority contingent on a finding of either a violation or a new crime."); *State v. Licari*, 261 Or App 805, 808, 322 P3d 568, *rev den*, 355 Or 880 (2014) (explaining that, if the trial court's decision was within the range of legally permissible options, "we may not substitute our judgment for that of the trial court even if we might have resolved the issue differently").

Affirmed.